UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,            Case No. 3:14-cr-00321

           Plaintiff,

v.            MEMORANDUM OPINION &
           ORDER

Michael Carter, Jr.,

           Defendant.

## I.  INTRODUCTION

Defendant Michael Carter, Jr. has filed a motion to suppress evidence obtained during a child pornography investigation. (Doc. No. 12). The United States of America opposes Carter's motion to suppress. (Doc. No. 13). The parties have filed a joint stipulation of facts, (Doc. No. 18), as well as supplemental briefing. (Doc. No. 20 and Doc. No. 21). For the reasons stated below, Carter's motion is denied.

## II.  BACKGROUND

On May 17 and 18, 2014, Sergeant Joshua Seney, a Sylvania, Ohio police detective, downloaded files containing child pornography using "a modified, open-source, peer-to-peer software program." (Doc. No. 18 at 1). The files were directly downloaded from a single IP address associated with Carter, and were stored on his computer. (Id. at 1-2). The files were "publicly

available for download [through the] peer-to-peer sharing network[]" Carter had installed and used. (Id. at 3). The detective provided the files and the IP address to the United States Secret Service, which obtained a search warrant for Carter's residence. (Id. at 2-3). Carter subsequently was indicted on one count of distribution of child pornography and one count of possession of child pornography. (Doc. No. 1). Carter moves to suppress "all evidence obtained as a result of a warrantless search of [his] computer" as obtained in violation of his Fourth Amendment rights. (Doc. No. 12 at 1).

### III. STANDARD

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." In the context of "government-initiated electronic surveillance," the Fourth Amendment's application depends on whether the person invoking its protections can claim a justifiable, reasonable, or legitimate expectation of privacy invaded by government action. *Smith v. Maryland*, 442 U.S. 735, 739-40 (1979) (citing *Katz v. United States*, 389 U.S. 347 (1967)).

### IV. ANALYSIS

Carter argues all evidence obtained pursuant to and following Sergeant Seney's retrieval of files from Carter's computer must be suppressed because Sergeant Seney conducted an improper warrantless search and the search was a trespass in violation of the Fourth Amendment. The government contends Carter has not shown a subjective or a reasonable expectation of privacy in the files Sergeant Seney downloaded or that there is a basis for concluding a trespass occurred. I agree, and deny Carter's motion.

The *Katz* inquiry "normally embraces two discrete questions" – (1) whether the individual can show he had an actual expectation of privacy because he sought to preserve something as private and (2) whether this subjective expectation of privacy is "one that society is prepared to

2

recognized as 'reasonable.'" *Smith*, 442 U.S. at 740 (quoting *Katz*, 389 U.S. at 351, 361). Carter cannot prevail on either.

The files Sergeant Seney downloaded were ones Carter "made publicly available for download on peer-to-peer file sharing networks." (Doc. No. 18 at 3). Carter does not claim to have made any attempts to shield these files from other users of the networks he used to obtain them and does not explain why his open display of the files, considered objectively, supports a reasonable expectation of privacy in the data. *See United States v. Pirosko*, 787 F.3d 358, 372 (6th Cir. 2015) ("After all, files in a shared folder cannot, by definition, be considered files that an individual expects to be kept private."); *United States v. Connor*, 521 F. App'x 493, 497 (6th Cir. 2013) ("Public exposure of information in this manner defeats an objectively reasonable expectation of privacy under the Fourth Amendment.").

Moreover, neither *Riley v. California* nor *United States v. Jones* change this analysis. The *Riley* Court dealt with the search-incident-to-arrest exception to the Fourth Amendment's warrant, and its analysis "d[id] not implicate the question whether the collection or inspection of aggregated digital information amounts to a search under other circumstances." *Riley*, 134 S. Ct. 2473, 2489 n.1 (2014). Undoubtedly, "[g]enerally speaking, computer users have a reasonable expectation of privacy in data stored on a home computer." *Connor*, 521 F. App'x at 497 (citing *Guest v. Leis*, 255 F.3d 325, 333 (6th Cir. 2001)). This expectation does not extend to information an individual makes publicly available. *Pirosko*, 787 F.3d at 372.

As the government argues, *Jones* expressly excluded cases like this one from its scope, stating "[s]ituations involving merely the transmission of electronic signals without trespass . . . remain subject to *Katz* analysis." *Jones*, 132 S. Ct. 945, 953 (2012) (emphasis removed). Carter concedes the software Sergeant Seney used could not place data on his computer or access any other files on Carter's computer other than the files Carter made publicly available for download. (Doc. No. 18 at

3

2). Sergeant Seney's retrieval of the files does not constitute a physical trespass into a constitutionally-protected area. *See, e.g., United States v. Brashear*, No. 4:11-CR-0062, 2013 WL 6065326, at *3 (M.D. Penn. Nov. 18, 2013); *United States v. Brooks*, No. 12-CR-166, 2012 WL 6562947, at *5 (E.D.N.Y. Dec. 17, 2012).

Carter's citations to *Grady v. N. Carolina*, 135 S. Ct. 1368 (2015), and *Florida v. Jardines*, 133 S. Ct. 1409 (2013), fail for similar reasons. The files Carter made publicly available are not "protected premises." *Id.* at 1416 n.4. Instead, they were left in "plain view," available to all, including law enforcement. *See Kentucky v. King*, 131 S. Ct. 1849, 1858 (2011) (citing *Horton v. California*, 496 U.S. 128, 136-140 (1990)).

## V. CONCLUSION

For the reasons stated above, Carter's motion to suppress, (Doc. No. 12), is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge