UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:14-cr-321

        Plaintiff,

v.                                            MEMORANDUM OPINION
                                                        AND ORDER

Michael Carter, Jr.,

        Defendant.

## I. INTRODUCTION AND BACKGROUND

*Pro se* defendant Michael Carter, Jr., an inmate at FCI Milan in Milan, Michigan, has filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), either by reducing his sentence to time served or by modifying his sentence and placing him on home confinement for the remainder of his prison term. (Doc. No. 53). The government has not responded.

On September 10, 2014, Carter was indicted on one count of knowingly receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of illegally possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. No. 1). Carter entered a conditional guilty plea to both counts, (Doc. No. 28), and I subsequently sentenced Carter to a total of 72 months in prison, to be followed by a supervised release term of 10 years. (Doc. No. 44). He did not appeal.

Carter contends remaining incarcerated during the Covid-19 pandemic "presents 'extraordinary and compelling reasons' because [of] the current pandemic as well as the [effect

contracting Covid-19] could have on [his] health," and that he is at "very high risk of having catastrophic consequences if he were to contract Covid-19." (Doc. No. 53 at 5, 10).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Carter has complied with § 3582's exhaustion requirement, as he waited more than 30 days after he submitted his compassionate release request to the warden's office at FCI Milan before filing his motion for compassionate release. (Doc. No. 53-1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

2

Defendants seeking to establish they are entitled to compassionate release have the burden of demonstrating "extraordinary and compelling reasons" justify a sentence reduction. 18 U.S.C. § 3582(c)(1). Carter argues the prevalence of Covid-19 within the institution places him at significant risk. While I have no reason to doubt Carter's concern for his health, a fear of Covid-19 which is common to all inmates does not meet the high bar necessary to establish an extraordinary and compelling reason to modify his sentence. *See, e.g., United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020).

### III.   CONCLUSION

For these reasons, I conclude Carter has not met his burden of demonstrating that a reduction or modification of his sentence would be consistent with applicable federal law. Therefore, I deny his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 53).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge